UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KERON R. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CV-175-ACL |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff filed this action against Defendant The Department of Veterans Affairs alleging Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, when it failed to properly pay her for work performed.  Presently pending before the Court is Defendant's Motion for Summary Judgment.  (Doc. 24.)  The motion is fully briefed and ready for disposition.

**I.      Procedural History**

In the sole count of her *pro se* Complaint, Plaintiff argues that she has not received Saturday Premium Pay ("SPP") for work performed from 2015 to present at the John J. Pershing VA Medical Center in Poplar Bluff, Missouri ("JJPVAMC").  Plaintiff claims that Defendant owes her backpay in the amount of $4,357.08, reflecting 1,274 hours of SPP.  She also requests interest at a rate of 4 percent, and court costs.

On January 9, 2023, Defendant filed the instant Motion for Summary Judgment, in which Defendant argues that there is no dispute of material fact that Plaintiff was not entitled to receive SPP, and that Defendant did not therefore violate the FLSA.  Plaintiff opposes the Motion.  (Doc. 47.)

1

In the Motion and supporting documents, Defendant cites collective bargaining agreements and arbitration proceedings that occurred between Plaintiff's Union and JJPVAMC regarding Plaintiff's entitlement to SPP.  As a result, the Court directed Defendant to provide supplemental briefing addressing the impact of these proceedings on the instant FLSA action. Specifically, Defendant was directed to explain this Court's authority to review the arbitration decisions and to clarify whether the FLSA provides for the entitlement of SPP.

Defendant filed a Response on July 21, 2023, in which Defendant states that neither Plaintiff nor Defendant requests that this Court review the arbitration award.  (Doc. 58.)  Instead, Defendant states that this evidence was submitted to demonstrate the finding of the arbitrator that Plaintiff does not qualify for SPP.  Defendant states that this Court may not reconsider the merits of an arbitration award unless there has been fraud or misconduct by the arbitrator.  Finally, Defendant argues that the FLSA does not expressly provide entitlement for SPP.

## II.     Legal Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."  *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical

2

doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient

evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

### III.   Facts[1]

Plaintiff Keron Henderson is employed full-time at the JJPVAMC, where she works in

the kitchen as a cook.  As of May 1, 2016, Henderson has been "Position Title COOK" under

"Pay Plan NA" and "Occ. Code 7404."  Henderson is a Union Steward with American

Federation of Government Employees ("AFGE") Local 2338.  She has been employed with the

JJPVAMC since 2015.

There are two categories of JJPVAMC employees, those under the Veterans Canteen

Service ("VCS") and those under the Veteran Health Administration ("VHA").  Henderson is a

VCS employee and has no knowledge of the VHA.

On June 4, 2019 in Poplar Bluff, Missouri, a hearing was held before an Arbitrator on a

SPP Grievance.  On December 28, 2020, an Arbitration Award found numerous employees were

entitled to SPP backpay.  There was no award of SPP backpay for any of "14 cooks and food

service workers included in the Union's list of 46 employees."  (Doc. 26-5 at 5.)  These two job

classifications were referred to as "canteen employees."  *Id*  It was noted that a new VA policy

provides that certain canteen employees "*may* be eligible for SPP *if* they are involved in providing

services incident to patient care."  *Id.* (emphasis in original).  The JJPVAMC indicated in its brief

---

[1]The Court's recitation of the facts is taken from Defendant's Statement of Uncontroverted
Material Facts (Doc. 26), Plaintiff's Response to Defendant's Statement of Uncontroverted
Material Facts (Doc. 48), and Defendant's Reply to Plaintiff's Response to Statement of
Uncontroverted Material Facts (Doc. 54), unless otherwise noted.

that "certain Canteen employees are called in to work on the weekends to clean the kitchens, stock and take inventory, or even *serve food to Veterans patients who are receiving inpatient care*."  *Id.* (emphasis in original).  While cleaning, stocking and taking inventory were noted to be *not* directly incident to patient care, "those Canteen employees that are providing food to inpatient Veterans have recently been deemed to be providing services that are directly incident to patient care."  *Id.*

The Arbitration Award next individually addressed the eligibility of Henderson and the other 13 canteen employees.  For each of the 14 canteen employees it is written that the "individual is therefore eligible for SPP per HRML 05-14-06 'so long as they are in the WG/WL/WS Pay Plan, but does not reference the NAF pay plan for this individual.'"  *Id.* at 21-24.  Henderson is in the NA pay plan.  It was noted that Sharon Meadows, Budget Technician and Payroll Lead for the PBVAMC, had not yet audited Henderson to determine her eligibility for SPP.

Henderson alleges that a former kitchen employee received SPP backpay, although she does not know what category or qualification or series they were in.  She admits that some occupational series are eligible for SPP and some are not.

On October 21, 2021, Henderson submitted and signed a Step 3 Grievance on behalf of the AFGE Union Local 2338 regarding SPP.  The Grievance was addressed to Drew Dewitt, Medical Center Director, and Les McArthur, VCS Regional Manager.  Ms. Henderson stated that she, along with other VCS cooks, prepares meals for patients on Saturdays and is therefore eligible for SPP.  On November 4, 2021, Mr. McArthur responded to the Step 3 Grievance, after a "meeting was held virtually by consent of the parties" on November 3, 2021.  (Doc. 26-7 at 1.)  Henderson was a participant in the meeting and a recipient of the Response letter.

The JJPVAMC responded to the Grievance as follows, in relevant part:

Agency further asserts that the Saturday Premium Pay (SPP) Settlement Agreement specified a list of bargaining unit occupations that were deemed to be eligible and ineligible for retroactive and prospective SPP payments for the period defined in the agreement. Among the positions in the settlement that were deemed eligible to receive premium pay were WG-7404 and WG-7408 Nutrition and Food employees who engage in the preparing and delivery of patient meals. VCS employees, properly coded as NAF-7404 or NAF-7408, do not fall on the eligible list.

*Id.* at 2-3. It was further noted that an October 2016 SPP Settlement Agreement (Doc. 26-8) included a dispute resolution process for certain employees who believe they are entitled to SPP. Pursuant to the process, employees had 60 days from the time when they reasonably should have known that they were not entitled to SPP to file a dispute. This dispute resolution process "presented an opportunity for VCS employees to submit a timely claim for SPP payments for meal preparation and delivery to patients on Saturdays." *Id.* at 3. However, as of November 4, 2021, "no national claims for SPP have been submitted for NAF-7404 or NAF-7408 VCS employees through the settlement agreement and AFGE has not advocated for VCS inclusion in SPP payments." *Id.* at 3. Finally, it was found that AFGE had failed to provide evidence that VCS employees were preparing and serving meals to patients. Thus, Henderson's request for the payment of SPP was denied.

The AFGE Union posted "Questions and Answers About Premium Pay" on its website, https://www.afge.org/globalassets/documents/generalreports/va-saturday-premium-pay.pdf. (Doc. 26-9.) Attachment A to the document lists the positions entitled to SPP. *Id.* at 9-10. Henderson's position is not listed.

**IV.    Discussion**

Defendant argues that Henderson does not qualify for SPP by statute, because she is a VCS employee appointed under 38 U.S.C. § 7802.

Henderson argues that summary judgment is inappropriate because the record shows that she provides services for the JJPVAMC, and *not* the VCS on Saturdays.  In her attached Declaration, she states that the agency conducted an audit in late 2022, which determined that her hours worked Saturdays were for the benefit of JJPVAMC and not VCS, and that she was owed compensation for SPP.  (Doc. 49.)  Henderson contends that Defendant violated the FLSA by failing to pay her SPP for the work she performed on Saturdays.

The FLSA was enacted in 1938 "to protect all covered workers from substandard wages and oppressive working hours...."  *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).  Specific to working hours, the FLSA created a forty-hour workweek with employees receiving additional compensation for working overtime.  29 U.S.C. § 207(a)(1).  To properly compensate an employee for time worked in excess of forty hours, the employee must be paid "at a rate not less than one and one-half times the regular rate at which he is employed." *Id.*  As explained by the Supreme Court, the FLSA's overtime provision is meant "to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work."  *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948).

Chapter 78 of title 38 provides for the creation and regulation of the VCS.  Specifically, section 7802(e) governs the appointment of VCS personnel.  That subsection states that:

> The Secretary shall employ such persons as are necessary for the establishment, maintenance, and operation of the Service, and pay the salaries, wages, and expenses of all such employees from the funds of the Service. Personnel necessary for the transaction of the business of the Service at canteens, warehouses, and storage depots shall be appointed, compensated from funds of the Service, and removed by the Secretary without regard to the provisions of title 5 governing appointments in the competitive service and chapter 51 and subchapter III of chapter 53 of title 5. Those employees are subject to the provisions of title 5 relating to a preference eligible described in section 2108(3)

6

of title 5, 1217 subchapter I of chapter 81 of title 5, and subchapter III of chapter
83 of title 5.

38 U.S.C. § 7802(e).

Chapter 74 of title 38, which *does not* apply to Henderson, provides that the Secretary,

after considering an individual's existing pay, higher or unique qualifications, or special
needs of the Department, may appoint the individual to a position in the Administration
*providing direct patientcare services or services incident to direct patient care* at a rate of
pay above the minimum rate of the appropriate grade.

38 U.S.C. § 7408(b) (emphasis added).

First, Henderson admits that she is a VCS—rather than a VHA—employee appointed

under section 7802, and that she is in the NA pay plan.  It is inconsistent for an employee to be

appointed under section 7802 and also appointed under section 7408.  As such, Henderson is

statutorily precluded from receiving SPP.

Henderson argues that she is nonetheless entitled to SPP because she prepares meals for

patients on Saturdays, and that an audit performed by Ms. Meadows confirmed this.  Defendant

has submitted the Declaration of Ms. Meadows, which controverts Henderson's argument.  Ms.

Meadows states that she requested a data sheet of time and attendance with pay information

regarding Henderson on August 8, 2022.  (Doc. 54-1 at 1.)  She states that the data sheets "do not

show that Ms. Henderson is entitled to any Saturday Premium Pay or that she is owed any

compensation not previously paid."  *Id.*  Ms. Meadows indicated that Henderson's Pay Plan NA

does not entitle her to SPP, because she was appointed to the VCS, and not to the Veterans

Administration.  She stated that some of the work performed on weekends by VCS employees

"is for cleaning, prep work and special projects, none of which are related to patient care."  *Id.*

Finally, Ms. Meadows explains that the JJPVAMC reimburses VCS for those employee labor

7

costs, supplies, and overhead for the meals they prepare for the inpatient residents, and VCS pays their expenses directly to their employees and vendors. *Id.* Henderson has not submitted any evidence demonstrating that she did in fact provide patient care services or services incident to direct patient care.

The undisputed facts reveal that Henderson, as a VCS employee in the NA pay plan, was not entitled to SPP. Even though Henderson may not have worked in the canteen on Saturdays, this did not change her job classification and the fact that she was paid through VCS appropriation.

Further, the FLSA does not create a right to payment of SPP. The statute only references "premium rates" in defining the "regular rate" for compensation. Specifically, section 207(e)(6) defines "regular rate" to *not include* "extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in overtime hours on other days." 29 U.S.C. § 207(e)(7). Henderson does not allege that Defendant failed to pay her for overtime hours worked; rather, she only challenges Defendant's failure to pay her a premium rate for hours worked on Saturdays.

In sum, the undisputed facts reveal that Henderson is not entitled to SPP as a VCS employee appointed under 38 U.S.C. § 7802. The FLSA does not create a right to SPP. Consequently, Defendant is entitled to judgment as a matter of law on Henderson's claim that Defendant violated the FLSA in failing to pay Henderson SPP.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 24) is **granted**.  A separate Judgment in favor of Defendant will accompany this Memorandum and Order.

Dated this 14th day of September, 2023.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE